(No. 3603—

H. N. Shonkwiler, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 10, 1941.*

Claimant, pro se.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant, H. N. Shonkwiler, operates a news distributing agency in the City of Springfield, Illinois. On April 21, 1941 he filed his claim in this court asking payment of $27.00 for the delivery of newspapers to the Department of Registration and Education from January 1st, 1939 to July 1, 1939; the particular items being Chicago Tribune, $9.00; St. Louis Globe, $9.00; and the St. Louis Post, $9.00—total $27.00.

Claimant represents that the bill was not presented for payment due to claimant's illness. A report has been filed by the Department of Registration and Education which recites that the papers in question were ordered and were received by the Department in regular course of supplies; that a Voucher for a Warrant covering payment was not issued prior to September 30, 1939, when the appropriation from which the item could have been paid, had lapsed; that if a statement had been received in apt time, warrant for payment would have issued in due course; that the price charged is the usual and customary price; that at the time of delivery thereof there were sufficient funds in the appropriation from which such bill might have been paid, to have paid same; and that sufficient funds remained in the appropriation at the time of the lapsing thereof, for such payment. The report further states that the newspapers were supplied to the Department for its use in checking unlawful advertisements and other matters pertaining to the work of such Department. The claim comes before the court upon stipulation of the parties waiving Brief and Argument.

Where the facts are undisputed that the State has received supplies ordered by it in accordance with due authority, and has received such supplies and used same, and that the bill therefor was not paid before the lapse of the appropriation out of which it could have been paid, an award for the amount will be made. (See *Shell Petroleum Co.* vs. *State*, 7. C. C. R. 224 and other cases).

An award is therefore allowed in favor of claimant in theh sum of $27.00.